UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-05132-MWF (MAAx)                          Date:  March 25, 2025
Title:  Gary L. Faulk et al v. General Electric Company et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Amy Diaz |
|---|---|
| Attorneys Present for Plaintiffs:<br>None Present | Attorneys Present for Defendants:<br>None Present |

**Proceedings (In Chambers):**  ORDER RE: MOTIONS FOR REVIEW [221] [222]; MOTION TO REMAND [230]; ADOPTING SPECIAL MASTER'S REPORT AND RECCOMMENDATION [220] RE: PENDING MOTIONS [182] [183] [184] [185] [186] [187] [188] [204]

Before the Court are three motions:

The first is a Motion for Review of Special Master's Decision (the "Boeing Motion") filed by Defendant The Boeing Company ("Boeing") on December 19, 2024. (Docket No. 221). Plaintiffs Andrew D. Faulk, Ethan G. Faulk, Gary L Faulk, and Matthew A. Faulk filed an Opposition on February 3, 2025. (Docket No. 225). Boeing filed a Reply on February 10, 2025. (Docket No. 228).

The second is a Motion for Review of Special Master's Decision (the "Rohr Motion") filed by Defendant Rohr, Inc. ("Rohr") on December 19, 2024. (Docket No. 222). Plaintiffs filed an Opposition on February 3, 2025. (Docket No. 226). Rohr filed a Reply on February 10, 2025. (Docket No. 287).

The third is a Motion to Remand ("MTR") filed by Plaintiffs on February 14, 2025. (Docket No. 230). Defendant Lockheed Martin Corporation ("Lockheed") filed an Opposition ("MTR Opp.") on February 24, 2025. (Docket No. 234). Rohr and Boeing joined Lockheed's Opposition on February 24, 2025. (Docket Nos. 235, 236). Defendant TA Aerospace Co. also joined Lockheed's Opposition on February 27, 2025. (Docket No. 237). Plaintiffs filed a Reply ("MTR Reply") on March 3, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-05132-MWF (MAAx)                Date:  March 25, 2025
Title:  Gary L. Faulk et al v. General Electric Company et al.

(Docket No. 238).

The Court has read and considered the Motions and held a hearing on **March 17, 2025**.

The Court rules as follows:

- The Boeing Motion and Rohr Motion are **DENIED** *without prejudice*.  No later than **April 4, 2025**, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing as to the exact date on which they first identified Pitonyal and Valdillez as potential witnesses.  The Court will issue a ruling on the Motions for Review shortly after receiving Plaintiffs' response to the Order to Show Cause.  The Court otherwise **ADOPTS** the findings and conclusions of the Special Master that the parties have not objected to, except that the 60-day window for additional discovery will begin on the date that this Court issues its order regarding Plaintiffs' response to the OSC.

- The Motion to Remand is **GRANTED** *in part*.  The Motion is denied to the extent it argues the Court lacks subject matter jurisdiction.  However, the Motion is granted in that the Court declines to exercise supplemental jurisdiction for the remainder of the action.  The Court will retain jurisdiction **through the adjudication of all pending dispositive motions**.  Upon adjudication of those motions, this Court will enter an order remanding this action to Los Angeles County Superior Court.  The Court will issue a briefing schedule for the pending motions shortly.

## I.  BACKGROUND

The Court previously summarized the central facts of this action in its prior Order Regarding the Motion for Remand, Motion to Continue Trial and All Related Dates, Motion for Leave to File Sur-Reply, and Applications to Seal (the "Prior Order").  (Docket No. 117).  Therefore, the Court will not repeat those facts here but incorporates by reference the factual background from the Prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-05132-MWF (MAAx)            Date:  March 25, 2025
Title:  Gary L. Faulk et al v. General Electric Company et al.

## II. **MOTIONS FOR REVIEW**

In acting on the Special Master's Report and Recommendation ("Report") (Docket No. 220), the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53 (f). The Court reviews all objections to the Special Master's findings of fact and conclusions of law de novo. *Id.* The Court adopts the Special Master's recommendations in the Report to which no party objected.

The sole objection in the Boeing Motion and the Rohr Motion (collectively, the "Motions for Review") pertain to the Special Master's proposal that Defendants be allowed to depose two additional witnesses, David Pitonyak and George Valdillez. (*See generally* Motions for Review). Both Boeing and Rohr take issue with the fact that the two witnesses were not designated timely. (Boeing Motion at 5–6); (Rohr Motion at 4–7). Boeing additionally contends that Plaintiffs' untimely disclosure failed to put it on notice that the witnesses had testimony against Boeing. (Boeing Motion at 7).

On December 6, 2023, Plaintiffs served Boeing, Rohr, and Lockheed with a first set of requests for production of documents ("RFPs"). (*See* Docket No. 67-2 ¶¶ 44, 49, 54). However, the three Defendants responded that they were unable to find any documents or other information pertaining to Mr. Alvarez's employment at their companies. (*See id.* ¶¶ 47, 52 56). Plaintiffs thus decided to place advertisements in local newspapers seeking to identify any potential employees who worked with Mr. Alvarez. (*Id.* ¶ 36). Pitonyal and Valdillez responded to the advertisements. (*Id.* ¶ 37).

On February 6, 2024, Plaintiffs moved to continue all deadlines, including the discovery deadline, in part because of the newly identified witnesses. (*See* Docket No. 67-1 at 6). On February 26, 2024— 4 days before the close of discovery—Plaintiffs supplemented their prior Rule 26 disclosures to identify 30 additional witnesses, including Pitonyal and Valdillez. (Docket No. 67-2 at ¶¶ 36–37). The Court denied Plaintiffs' motion to continue the discovery deadline on May 14, 2024. (Prior Order at 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-05132-MWF (MAAx)                     Date:  March 25, 2025
Title:  Gary L. Faulk et al v. General Electric Company et al.

Defendants moved to strike these additional witnesses on July 8, 2024.  (Docket No. 168).  However, on  July 10, 2024, the briefing schedule and hearing date on the motion to strike were vacated in light of the Court's intent to appoint a special master.  (Docket No. 170).

As this Court emphasized in its Prior Order, the Court agrees that Plaintiffs have not previously acted diligently in this action.  Specifically,

> Plaintiffs waited almost six months since removal of this action to serve Defendants with RFPs.  Plaintiffs also waited until January 29, 2024 to serve Defendants with deposition notices which were all noticed to occur on February 28, 2024 — two days before the discovery cut-off.  Additionally, Plaintiffs never raised any discovery disputes with the Court until a few days before the discovery cut-off[.]

Prior Order at 14.

Boeing and Rohr thus argue that the Court would be rewarding Plaintiffs' lack of diligence if it adopted the Special Master's recommendation.  Additionally, Boeing and Rohr argue they will be unduly prejudiced if the two depositions are allowed to proceed.

On the one hand, the Court acknowledges that it previously denied Plaintiffs' attempt to modify the Scheduling Order to allow for additional discovery.  The Court also sympathizes with the fact that, in an effort to reach an agreement on Plaintiffs' prior request for a continuance, Defendants gave certain concessions and struck a deal in good faith to allow for additional discovery only as to the Rule 30(b)(6) witnesses.  But now Plaintiffs are arguably seeking more than what was initially bargained for.

On the other hand, Plaintiffs raise persuasive arguments as to the apparent unique relevance of these witnesses' testimony and the prejudice that would result from the exclusion of their testimony.  Moreover, at the hearing, Plaintiffs emphasized the diligence they exhibited in identifying these critical witnesses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-05132-MWF (MAAx)           Date:  March 25, 2025
Title:  Gary L. Faulk et al v. General Electric Company et al.

When Plaintiffs discussed these efforts, the Court raised a question regarding the exact date on which Plaintiffs first learned of the existence of these two witnesses.  Plaintiffs advised that the exact date had not yet been disclosed but the question could be raised on cross-examination.

     As it stands, the Court continues to have questions regarding the timeline in which these witnesses were identified by Plaintiffs and subsequently disclosed to Defendants.  It appears that Plaintiffs placed the advertisements in local newspapers sometime in January 2024, yet did not disclose the additional witnesses until February 26, 2024.  To adequately evaluate the parties' arguments, the Court deems it necessary to seek further clarification regarding the relevant timeline.

     Accordingly, no later than **April 4, 2025**, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing as to the exact date on which they first identified Pitonyal and Valdillez as potential witnesses.  The Court will accept an assertion of privilege pursuant to the work-product doctrine, though the Court also doubts the validity of that privilege because, as Plaintiffs acknowledge, the topic would be subject to cross-examination at the witnesses' deposition.  If Plaintiffs are unable to provide a date, the Court will presume that Pitonyal and Valdillez made contact with Plaintiffs shortly after the advertisements were posted.

     For now, the Motions for Review are **DENIED *without prejudice***.  The Court will issue a ruling on the Motions for Review shortly after receiving Plaintiffs' response to the Order to Show Cause ("OSC").  The Court otherwise **ADOPTS** the findings and conclusions of the Special Master which the parties have not objected to, except that the 60-day window for additional discovery will begin on the date that this Court issues its order regarding Plaintiffs' response to the OSC.

### III.   MOTION TO REMAND

     In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-05132-MWF (MAAx)            **Date:** March 25, 2025

**Title:** Gary L. Faulk et al v. General Electric Company et al.

---

defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

Plaintiffs raise two arguments in favor of remand. First, Plaintiffs argue that the Supreme Court's recent decision in *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41 (2025), divests this Court of subject matter jurisdiction and requires remand. (MTR 16–19). Second, Plaintiffs argue this Court should decline to exercise supplemental jurisdiction over the remaining state-law claims. (*Id.* at 19–21).

### A.     Lack of Subject Matter Jurisdiction

In *Royal Canin*, the Supreme Court held that "[w]hen an amendment [to a complaint] excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." 604 U.S. at 25–26. Relying on this holding, Plaintiffs argue that "factual and procedural developments" in this action squarely establish that this Court no longer has subject matter jurisdiction and must remand. (MTR at 5).

The Court begins by detailing the relevant factual and procedural history to which Plaintiffs refer. (*Id.*). On January 24, 2023, Plaintiffs filed this action in Los Angeles County Superior Court. (Complaint (Docket. No. 1-1) at 1–2). On June 28, 2023, Lockheed removed this action to federal court on the grounds of federal officer

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-05132-MWF (MAAx)            **Date:** March 25, 2025

**Title:** Gary L. Faulk et al v. General Electric Company et al.

removal jurisdiction pursuant to 28 U.S.C. §1442(a). (Notice of Removal "NOR" (Docket No. 1) at 4).

Thereafter, on May 14, 2024, Plaintiff filed a motion to remand, arguing that subsequent to removal, evidence provided by Lockheed and Boeing indicated that any federal affirmative defenses were meritless. (Docket No. 76-1 at 20–22). In denying Plaintiffs' motion to remand, the Court reasoned that "jurisdiction over a properly removed action 'will not be defeated by later changes or developments in the suit.'" (Prior Order at 5) (citing to *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)). Moreover, the Court agreed with Lockheed's argument that "the assertion of abandonment of [the federal] defenses [was] premature" because further discovery could "produce evidence that would raise the defenses." (Prior Order at 6).

On June 25, 2024, the Court granted joint stipulations whereby Plaintiffs agreed to waive any claim premised on exposure from work performed for the U.S. government, and Defendants agreed to waive any affirmative defense premised on the government contractor defense and derivative sovereign immunity. (Docket Nos. 135, 136, 140 (collectively, the "Stipulations")).

The parties now dispute the effect of the Stipulations on the pleadings. On the one hand, Plaintiffs argue that, in granting the Stipulations, the Court amended Plaintiffs' pleadings such that the orders serve as the legal equivalent of an amendment under Rule 15. (MTR at 16). Plaintiffs point to prefatory language in the Stipulations stating that "[p]ursuant to the stipulation[s] . . . the pleadings are amended as follows . . ." (Stipulations at 1). Plaintiffs also argue that courts typically construe withdrawals of individual claims against a given defendant as a Rule 15 amendment. (MTR at 16).

Defendants, on the other hand, argue that, in granting the Stipulations, the Court dismissed the claims and defenses with prejudice under Rule 56. Defendants point to language in the Stipulations expressly stating that the dismissal was "with prejudice" and that the "order serves as the legal equivalent of an order granting cross-motions for partial summary judgment (adjudication) . . ." (Stipulations at 2). Moreover, the orders granting the Stipulations are interlocutory rulings, which, unlike superseded pleadings,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-05132-MWF (MAAx)            **Date:** March 25, 2025

**Title:** Gary L. Faulk et al v. General Electric Company et al.

"may be revised at any time before the entry of a judgment. . ." Fed. R. Civ. P. 54. The Court agrees.

The orders granting the Stipulations were dismissals on the merits and, perhaps most significantly, with prejudice. "It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005). And though the prefatory language stated that the pleadings would be amended, the operative text of the Stipulations plainly state that the orders served as the legal equivalent of an order granting cross-motions for "summary judgment (adjudication)". (Stipulations at 2); *see also Amtrak v. Su,* 41 F.4th 1147, 1157 (9th Cir. 2022) ("a short-hand reference to the general subject matter" cannot "take the place of the detailed provisions of the text") (quoting *Lawson v. FMR LLC*, 571 U.S. 429, 446 (2014)).

This difference is important because *Royal Canin* explicitly drew a distinction between the effects on a federal court's jurisdiction when a claim is dismissed versus when a claim is excised by amendment.

The Supreme Court began by analyzing the text of the supplemental jurisdiction statute, 28 U.S.C. § 1367. Section 1367(c) "provides that a district court 'may decline to exercise supplemental jurisdiction' in three specific situations", only one of which is relevant here: "(3) if the district court 'has dismissed all claims over which it has original jurisdiction." *Royal Canin*, 604 U.S. at 31 (quoting 28 U.S.C. § 1367(c)). But omitted from the three listed contexts is the situation where a plaintiff excises all federal claims through a post-removal amendment. The Supreme Court reasoned that the exclusion was intentional and well-reasoned. If § 1367 granted supplemental jurisdiction over the remaining state-law claims, "they too would have appeared on § 1367(c)'s list[.]" *Id.* at 33. But "even more than the claims addressed" in §1367(c), the state-law claims remaining in the context of post-removal amendments "are ill-suited to federal adjudication." *Id.* There, the federal claims "are not just subordinate . . . but gone. And gone for good as well. When federal claims are dismissed by the district court, as in § 1367(c)(3), an appellate court may yet revive them; but that cannot happen when the plaintiff has excised them through a proper amendment." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-05132-MWF (MAAx)                       Date:  March 25, 2025
Title:  Gary L. Faulk et al v. General Electric Company et al.

33–34.  Thus, "there is no discretion to decline supplemental jurisdiction . . . because there is no supplemental jurisdiction at all."  *Id.* at 34.  By contrast, when a court, as here, dismisses claims over which it has original jurisdiction, "supplemental jurisdiction persists"—though the district court "ordinarily should[] kick the case to state court."  *Id.* at 32.

In granting the Stipulations, this Court ***dismissed*** all federal law claims and defenses.  Therefore, supplemental jurisdiction persists and may be exercised pursuant to §1367(c)(3).  The Court thus turns to the next question: whether the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

### B. Supplemental Jurisdiction

In the Prior Order, the Court determined that it "[was] unlikely to exercise supplemental jurisdiction if the federal contractor and sovereign immunity defenses lacked merit."  (Prior Order at 8).  However, at the time of the Prior Order, the Court reasoned it was "premature to decline supplemental jurisdiction" because discovery was ongoing.  (*Id.*).  The Court thus denied Plaintiffs' motion to remand without prejudice.  (*Id.* at 2).  Following the Stipulations, the parties, at a status conference, orally raised the supplemental jurisdiction issue again.  (*See* Docket 234-1 at 10:5–12).  Given the multiple discovery issues and upcoming motion deadlines, the Court determined it would "decide whether there should supplemental jurisdiction" "when the dust settle[d]."  (*Id.* at 14:16–21).

A federal court has discretion to remand a removed case upon a determination that retaining jurisdiction would not serve the principles of economy, convenience, fairness, and comity.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001, *supplemented*, 121 F.3d 714 (9th Cir. 1997).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.  *Carnegie-Mellon Univ.*, 484 U.S. at 350.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-05132-MWF (MAAx)            **Date:** March 25, 2025
**Title:** Gary L. Faulk et al v. General Electric Company et al.

While the Court acknowledges that this action has been adjudicated in federal court for over 20 months, there is no set trial date. (*See* MTR Reply at 16–17). Both this Court and the Magistrate Judge have alluded to the strain on judicial resources that this action raises. Specifically, "Judge Audero advised the Parties and this Court that, in her six years on the bench, and her prior years of private litigation practice involving complex, multi-party cases, she has only once encountered an extraordinary circumstance similar to that present here." (Docket No. 170 at 4). By contrast, as Plaintiffs point out, the Los Angeles County Superior Court ("LASC") has specifically designated a department to handle complex asbestos litigation arising under California law. (MTR at 9). Notably, the LASC's General Asbestos Litigation Case Management Order explains that

> [f]or more than 40 years, the Los Angeles County Superior Court ('LASC') has been at the forefront nationally in managing mass tort asbestos litigation in the nation's largest trial court. Through the efforts of dedicated judicial officers and a highly capable plaintiff and defense bar, the LASC over these decades has promulgated more than fifty general orders and instituted policies and procedures designed to meet the profound and unique challenges of asbestos litigation.

(Declaration of Denyse F. Clancy (Docket No. 230-2) ¶ 2, Ex. 1).

Accordingly, the Court concludes that the principles of economy, convenience, fairness, and comity are best served by remanding the adjudication of the remaining complex and purely state-law claims to state court.

However, at the hearing, Defendants requested that the Court retain jurisdiction through the adjudication of all pending dispositive motions. Given the time, effort, and costs already expended in drafting and filing the motions, the Court grants Defendants' request. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (acknowledging district court's discretion to remand an action under § 1367(c)(3) following adjudication of summary judgment motions); *Bahrampour v. Lampert*, 356 F.3d 969, 979 (9th Cir. 2004) (same). The Court intends to issue a briefing schedule for the five dispositive motions shortly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-05132-MWF (MAAx) | **Date:** March 25, 2025 |
| **Title:** Gary L. Faulk et al v. General Electric Company et al. | |

Once the motions have been ruled on, the Court will enter an order remanding the action to Los Angeles County Superior Court.

## IV. CONCLUSION

The Motions for Review are **DENIED *without prejudice***. No later than **April 4, 2025**, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing as to the exact date on which they first identified Pitonyal and Valdillez as potential witnesses. The Court will issue a ruling on the Motions for Review shortly after receiving Plaintiffs' response to the OSC. The Court otherwise **ADOPTS** the findings and conclusions of the Special Master which the parties have not objected to, except that the 60-day window for additional discovery will begin on the date that this Court issues its order regarding Plaintiffs' response to the OSC.

The Motion to Remand is **GRANTED *in part.*** The Motion is denied to the extent it argues the Court lacks subject matter jurisdiction. However, the Motion is granted in that the Court declines to exercise supplemental jurisdiction for the remainder of the action. The Court will retain jurisdiction ***through the adjudication of all pending dispositive motions***. Upon adjudication of those motions, this Court will enter an order remanding this action to Los Angeles County Superior Court. The Court will issue a briefing schedule for the pending motions shortly.

IT IS SO ORDERED.